IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PROCORO RODRIGUEZ MARTINEZ,<br><br>    Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary United States Department of Homeland Security; TODD LYONS, Acting Director of Immigration and Customs Enforcement (ICE); EVAN TJADEN, ICE Field Office Director and Warden; and TODD BLANCHE, United States Attorney General,<br><br>    Respondents. | **MEMORANDUM DECISION AND ORDER GRANTING PETITION FOR HABEAS CORPUS**<br><br>Case No. 2:26-cv-00655-JNP<br><br>Chief District Judge Jill N. Parrish |

On July 13, 2026, Petitioner Procoro Rodriguez Martinez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 1. The petition argued that Mr. Rodriguez Martinez was being detained pursuant to Respondents' novel interpretation of 8 U.S.C. §§ 1225 and 1226, an interpretation which this court and the Tenth Circuit have already ruled to be unlawful. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026); *Lemus Cristales v. Arbon*, No. 2:26-CV-00217-JNP, 2026 WL 892874 (D. Utah Mar. 31, 2026). The court entered an Order to Show Cause that same day, requiring Respondents to address how, if at all, the facts and law applicable to this petition were distinguishable from this prior precedent. *See* ECF No. 3.

On July 14, 2026, Respondents filed their response, acknowledging that they could not meaningfully distinguish the facts and law applicable to this petition from *Santillan Quiroz* or some of the court's prior rulings. ECF No. 7 at 2. Respondents thus request that the court strike

the hearing set for July 22 and order Respondents to provide a bond hearing to Mr. Rodriguez Martinez. *Id.* at 5–6.

**CONCLUSION AND ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. Mr. Rodriguez Martinez's petition for a writ of habeas corpus is GRANTED. ECF No. 1.

2. Respondents are ORDERED to provide Mr. Rodriguez Martinez with a bond hearing under 8 U.S.C. § 1226(a), in which the government bears the burden of establishing by clear and convincing evidence that Mr. Rodriguez Martinez is a flight risk or danger to the community, within 7 days from the date of this order.[1]

3. If Respondents do not provide Mr. Rodriguez Martinez with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be either immediately released from detention or released in Salt Lake City as soon as practical and without undue delay, depending on Mr. Rodriguez Martinez's preference.

4. Respondents are ENJOINED from denying bond to Mr. Rodriguez Martinez on the basis that he is detained under 8 U.S.C. § 1225(b)(2).

---

[1] In its recent decision in *Santillan Quiroz v. Mullin*, the Tenth Circuit cited approvingly to a District of New Mexico decision, *Requejo Roman v. Castro*, when ordering the Government to provide either a bond hearing to the petitioner within seven days or release. No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) (citing to *Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1285 (D.N.M. 2026)). The district court in *Requejo Roman* had ordered that the Government shall bear the burden of proving, by clear and convincing evidence, that the petitioner was a flight risk or danger to the community. *Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1285 (D.N.M. 2026).

2

5. If Mr. Rodriguez Martinez is granted bond, Respondents are ORDERED, at the time of release, to provide him any personal effects and identification documents that were confiscated from him.

6. Respondents are further ORDERED to file a status report within 10 days from the date of this order stating whether Mr. Rodriguez Martinez has been granted bond and, if his request for bond was denied, the reasons for that denial.

DATED this 15th day of July, 2026.

BY THE COURT:

_____
Jill N. Parrish
United States Chief District Judge

3